WELCH, J.,
concurring in part and dissenting in part.
hi agree with the majority opinion that the manufacturer sold a defective boat to the purchaser and is therefore liable to the purchaser pursuant to Civil Code article 2520, 2531 and 2545. However, I disagree with the majority’s determination that there was insufficient proof of lost profits, that the plaintiff failed to prove non-pecuniary damages, that the plaintiff was only entitled to $150.00 for preservation of the boat, that the defendant was entitled to a credit for the plaintiffs use of the boat, and that the plaintiff is only entitled to a total of $7,000.00 for attorney fees and costs in the lower court and for this appeal.
With respect to lost profits, the plaintiff established that he made $15,656.00 in a 2009, and that he could not use the boat in 2010 because of a hole in the side, which caused it to leak water. Therefore, the plaintiff was at least entitled to an award of $6,177.00[1] for lost profits for 2010, and I would amend the trial court’s judgment to provide such an award.
Further, the plaintiff proved that he was entitled to non-pecuniary damages. The evidence established that the boat was purchased in April 2005, with the intent to use it for recreation, i.e., fishing, which is a hobby with non-pecuniary implications. The plaintiffs business was not started until 2008. Therefore, the loss of use of the boat for non-pecuniary gratification from 2005-2008 was adequately proven and plaintiff should be awarded a minimum $5,000.00 for non |2pecuniary dam *560 ages and I would amend the trial court’s judgment to provide such an award.
With respect to the costs of the preservation of the boat, the trial court only awarded the plaintiff $150.00, which was one-month of the storage fee/rent at Blue Marlin. However, the plaintiff established (and the defendants did not dispute) that the boat was in fact stored at Blue Marlin from January 2008 through May 2010 (a period of twenty-nine months) at the rate of $150.00 per month. Therefore, the plaintiff should be awarded $4,350.00[2] for the costs of preservation of the boat and I would amend the trial court’s judgment to provide such an award.
Also, I do not believe that the defendant is entitled to a credit for any use of the boat by the plaintiff, and therefore would amend the judgment of the trial court to eliminate this credit. Lastly, with respect to attorney fees and costs for work performed in the lower court and in this appeal, the plaintiff is entitled to at least a total of $12,000.00 and I would amend the trial court’s judgment to provide such an award.
Thus, I respectfully concur in part and dissent in part.

. $15,656.00 -s- 365 = 42.89 X 144 days (January 1 through May 24, 2010 (the date of trial)) = $6,177.00

. $150.00 x 29 months = $4,350.00